UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

WILLIAM DIAZ,

    Plaintiff,

v.

DREAM WORK
SERVICES LLC.,
a Florida Limited Liability
Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**
**INJUNCTIVE RELIEF REQUESTED**

Plaintiff, WILLIAM DIAZ ("Mr. Diaz" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, DREAM WORK SERVICES LLC. ("DWS" or "Defendant"), a Florida Limited Liability Company, and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover from Defendant overtime compensation, an

additional equal amount as liquidated damages, actual and compensatory damages, including front pay and back pay and emotional distress damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

2. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Lake County, Florida.

## PARTIES AND FLSA COVERAGE

3. At all times material hereto, Plaintiff was a resident of Osceola County, Florida.

4. At all times material hereto, Defendant was, and continues to be, a Florida limited liability company which maintains a location and conducts business in Sorrento, Lake County, Florida, and continues to be engaged in business in Lake County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 *per annum* during the relevant time periods.

12. At all times relevant hereto, Defendant was primarily engaged in providing a variety of facility management and maintenance services and support in, among other places, Lake County, Florida.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the work performed by Plaintiff was

directly essential to the business performed by Defendant, in that Defendant could not operate its business without Lead Technicians such as Plaintiff.

## STATEMENT OF FACTS

15. Plaintiff worked for Defendant on an hourly-paid basis, most recently as a Lead Technician, from February 21, 2021, until his termination on September 15, 2023.

16. Mr. Diaz's most recent hourly rate of pay with DWS was $23.00 per hour.

17. DWS failed to consistently pay Mr. Diaz an overtime premium in weeks in which Mr. Diaz worked in excess of forty (40).

18. Mr. Diaz sometimes worked hours for DWS without being compensated for the work at all, even in weeks in which Mr. Diaz worked in excess of forty (40) hours.

19. Until late 2022, DWS utilized an accurate timekeeping application that led to Mr. Diaz and other DWS employees realizing that they were being underpaid, or not paid at all, in weeks during which they worked in excess of forty (40) hours.

20. In late 2022, DWS switched timekeeping applications in order to obscure its ongoing wage theft and timecard fraud.

21. From that point forward, DWS's Accountant also cut Mr. Diaz's hours

worked each day to a maximum of nine (9) hours, regardless of how many hours he actually worked on any given day or in any given week of work.

22. In August of 2023, Mr. Diaz objected to his DWS Managers and Supervisors that DWS's actions violated, *inter alia*, the overtime provisions of the FLSA.

23. By objecting to Defendant's illegal pay practices in this regard, Plaintiff engaged in protected activity as defined by 29 U.S.C 215(a)(3) of the FLSA.

24. Despite Mr. Diaz's objections, Mr. Diaz's following paychecks reflected similar underpayments and/or outright non-payments of wages earned and of overtime premiums earned.

25. In early September of 2023, Mr. Diaz reiterated his objections to his DWS Managers and Supervisors that DWS's actions violated, *inter alia*, the overtime provisions of the FLSA.

26. By objecting to Defendant's illegal pay practices in this regard, Plaintiff engaged in protected activity as defined by 29 U.S.C 215(a)(3) of the FLSA.

27. Very shortly thereafter, on September 15, 2023, DWS informed Mr. Diaz that it had decided to terminate his employment, effective immediately.

28. DWS failed to pay Mr. Diaz all of his earned, unpaid hourly wages and all of his earned, unpaid overtime.

29. Throughout Plaintiff's employment, DWS regularly required Plaintiff to work in excess of forty (40) hours per week.

30. Plaintiff regularly worked an average of fifty (50) hours per week or more for Defendant during his employment with Defendant.

31. When Plaintiff worked more than forty (40) hours in a given work week, Defendant routinely failed to properly pay him for all overtime hours worked.

32. Defendant routinely paid Plaintiff nothing at all for overtime hours that he worked during his employment.

33. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

34. Plaintiff performed non-exempt duties for Defendant and was therefore entitled to be compensated for overtime work.

35. Mr. Diaz was not exempt from entitlement to overtime wages under the FLSA and should have been paid his full and proper overtime compensation.

36. DWS terminated Plaintiff's employment for engaging in protected activity under the FLSA.

37. The proximity between the time Plaintiff complained about the illegal conduct at issue, and the time he was fired was very close. Therefore, there is a sufficient nexus of time between the protected activity and the termination.

38. Defendant's reason(s) for terminating Plaintiff were pretextual and not based upon any legitimate issue with his job performance.

39. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA.

40. Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

41. As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

42. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

43. Defendant violated Title 29 U.S.C. §207 in that:

    (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

44. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

45. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

46. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

47. Based on the allegations in Paragraphs 44-46, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good

faith belief that its pay practices were in compliance with the FLSA.

48. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

49. Plaintiff reincorporates and re-alleges paragraphs 1 through 48 of the Complaint as though fully set forth herein, and further alleges as follows:

50. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

51. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

52. Plaintiff was not an exempt employee as defined by the FLSA.

53. Plaintiff was not an independent contractor and was instead an employee of Defendant.

54. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff

has suffered damages plus incurring reasonable attorneys' fees and costs.

55. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Award Plaintiff pre-judgment interest; and

    f. Award Plaintiff any other and further relief that this Court deems just and proper.

**COUNT II**
**UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)**

56. Plaintiff reincorporates and re-alleges Paragraphs 1 through 48 of the

Complaint as though set forth fully herein, and further alleges as follows:

57. Plaintiff objected to Defendant's illegal pay practices, and asserted violations of the FLSA.

58. Very shortly thereafter, Defendant illegally terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

59. In retaliation, Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA, and because of his other objections to Defendant's violations of the FLSA.

60. Mr. Diaz's employment was terminated by DWS on September 15, 2023. Plaintiff was terminated for no other reason than his objections to Defendant's illegal pay practices.

61. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

62. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person … to discharge or in any other manner discriminate against an employee because such employee has filed any complaint … under or related to

this [Act]." 29 U.S.C. § 215(a)(3).

63. In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 11th day of December, 2023.

Respectfully submitted,

**_By: /s/ Noah E. Storch_**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*